﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 200117-65750
DATE: September 29, 2020

ORDER

A 70 percent rating, but no more, for an unspecified anxiety disorder with a persistent depressive disorder is granted.

FINDINGS OF FACT

1. The Veteran served on active duty from May 1954 to April 1957.

2. The Veteran’s psychiatric disorder has been manifested by subjective complaints of anxiety, depressive mood, chronic sleep impairment; objective findings include weekly panic attacks, night terrors, periods of inability to perform occupational tasks, memory loss, forgetting names and events, and occupational and social impairment.

CONCLUSION OF LAW

The criteria for a 70 percent rating, but no more, for an unspecified anxiety disorder with a persistent depressive disorder have been met. 38 U.S.C. §§ 1155, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 4.1, 4.3, 4.21, 4.130, Diagnostic Code (DC) 9413 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written under the AMA guidelines.

As a procedural matter, service connection for a psychiatric disorder was granted in an August 2017 rating decision and a 30 percent rating was assigned. The Veteran disagreed with the rating and the Regional Office (RO) subsequently increased the rating to 40 percent effective April 2010.

Disability evaluations are determined by the application of schedule of rating which is based on average impairment of earning capacity. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 39 C.F.R. § 4.1. Separate diagnostic codes identity the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. Part 4.

Acquired psychiatric disorders, including depressive disorder, are evaluated under a General Rating Formula for Mental Disorders ("General Rating Formula"). 

Under the General Rating Formula, a 70 percent rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); inability to establish and maintain effective relationships. 

The maximum 100 percent rating requires total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name. 

The symptoms listed under the rating criteria are meant to be examples of symptoms that would warrant the rating, but they are not meant to be exhaustive, and the Board need not find all or even some of the symptoms to award a specific rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002).

If the evidence shows that a veteran experiences symptoms or effects that cause occupational or social impairment equivalent to what would be caused by the symptoms listed in the criteria for a particular rating, the appropriate equivalent rating will be assigned. Furthermore, the rating code requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment at a level consistent with the assigned rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013).

Turning to the evidence, the Veteran was diagnosed with an unspecified anxiety disorder with persistent depressive disorder throughout this appeal period. During VA examinations in 2017, 2018, and 2019, he reported depressed mood, anxiety, chronic sleep impairment, nocturnal panic attacks once a week or less. He reported little interest in doing anything, poor concentration, memory loss of names, directions, and recent events. He had occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks. He watched TV and worked on the computer on his VA claim.

In an interview with the Veteran’s daughter in September 2016, she reported her father’s preoccupation with his health and his worry that he was not being treated properly. He was also preoccupied with others whom he perceived have wronged him. He accused her and her sister of killing his wife and pulled a gun on them at the funeral service. He insisted it was a brush, and not a gun. She noted he had trouble with short term memory. The Veteran also reported “horrible” sleep, low energy, poor motivation, weight loss, and anhedonia (inability to feel pleasure). 

Clinical records reflect the Veteran’s feelings of worthlessness, guilt, anxiety, loss of focus, anger, and a difficult relationship with his family. He related that he heard his wife’s voice although she died in 2015. Mental status examinations generally reflect that he was alert and oriented although agitated at times with poor eye contact and tearfulness. He was noted to be anxious and depressed with auditory hallucinations. More recent records reflect that he experienced ongoing pain management and worsening anxiety. 

Based on the above, the medical evidence supports a 70 percent rating but no more. Specifically, the Veteran has reported chronic sleep impairment, troubles with concentration, an obsession with his medical conditions and treatment and his claim, as well as depression and auditory hallucinations. While he has generally been found to be alert and oriented, the over-all disability picture reflects that he has deficiencies in family relationships, thinking, and judgment and symptoms consistent with anxiety, depression, and anger. Therefore, the medical evidence supports a 70 percent rating.

However, the medical evidence does not support a 100 percent rating. Specifically, the evidence does not show gross impairment in thought processes or communication (he was able to express himself and describe his symptoms during examinations and clinical evaluations), persistent delusions or hallucinations (occasional but not persistent and not apparently for a number of years); grossly inappropriate behavior; persistent danger of hurting self or others; disorientation to time or place (consistently found to be alert and oriented); and loss of names of close relatives, own occupation, or own name. 

Further, the evidence does not show that the Veteran has experienced psychoneurotic symptoms which were totally incapacitating, bordering on gross repudiation of reality with disturbed thought or behavioral processes associated with almost all daily activities such as fantasy, confusion, panic and explosions of aggressive energy resulting in profound retreat from mature behavior. Therefore, while he has been experiencing psychiatric symptoms, the medical evidence does not support a rating in excess of 70 percent.

The Board has also considered the Veteran’s lay statements that his disability is worse. While he is competent to report symptoms because this requires only personal knowledge as it comes to him through his senses, he is not competent to identify a specific level of disability of this disorder according to the appropriate diagnostic codes.

Such competent evidence concerning the nature and extent of the Veteran’s psychiatric disorder has been provided by the medical personnel who have examined him during the current appeal and who have rendered pertinent opinions in conjunction with the evaluations. The medical findings (as provided in the examination reports and other clinical evidence) directly address the criteria under which this disability is evaluated. 

Moreover, as the examiners have the requisite medical expertise to render a medical opinion regarding the degree of impairment caused by the disability and had sufficient facts and data on which to base the conclusion, the Board affords the medical opinions great probative value. As such, these records are more probative than the Veteran’s subjective complaints of increased symptomatology. In sum, after a careful review of the evidence of record, the benefit of the doubt rule is not applicable and the appeal is denied.

Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Gamache, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.